IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN PLANINSEK, JR., <br><br> **Plaintiff,** <br><br> v. <br><br> DEREK J. MORGAN, JAMES SULLIVAN, CONNER ANDERSON, SICILY REESE, and THADEOUS SHERIDON, <br><br> **Defendants.** | Case No. 24-cv-89-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff John Planinsek, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was a pretrial detainee in Wabash County, Illinois. In the Complaint, Planinsek alleges that the defendants subjected him to unconstitutional conditions of confinement while detained at the Wabash County Jail.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In the Complaint, Planinsek makes the following allegations: From November 1, 2023, until December 13, 2023, Planinsek was a pretrial detainee at the Wabash County jail (Doc. 1, p. 5). Planinsek alleges that while he was there, Sheriff Derek Morgan allowed his employees to disregard rules for the safety and health of the detainees (*Id*.). He alleges that he was not allowed to petition the courts or answer Freedom of Information Act requests. He requested addresses to write to for relief, but his requests were ignored.

Planinsek further alleges that both Morgan and James Sullivan, the jail administrator, allowed the jail to fall into a state of disrepair (*Id*.). Planinsek alleges that doors would not close and lock due to rust. The jail was unsanitary due to mold and was infested with numerous bugs (*Id*.). Planinsek was bitten on numerous occasions by unknown insects (*Id*.). The toilets leaked, and he lacked access to proper cleaning supplies (*Id*.). Planinsek fell ill with an unspecified illness and also suffered from symptoms of PTSD, but there was no medical facility onsite. His requests for care were ignored (*Id*.). Planinsek alleges that Morgan and Sullivan hired contractors to fix issues at the jail, specifically unspecified issues with the windows. But the contractors merely welded plates over the windows, blocking out sunlight and air (*Id*.). Planinsek also lacked access to the gym, yard, television, and newspapers (*Id*.). He alleges that he was never provided with items with which to better himself and told that he could only have access to such items if he paid for them. Planinsek believes that the conditions were set up in such a way as to coerce detainees into taking plea deals (*Id*. at p. 6).

Planinsek alleges that the "defendants named…ignored [his] lawful request for basic human needs" (*Id*.). At one point he informed staff that the lights were burned out in his cell, making it difficult to read (*Id*.). He also informed them that the water in the toilets did not work or only had hot water (*Id.*). Staff informed him the water in the toilets was cold. Planinsek also had to sleep in the dayroom on numerous occasions because the cells were too cold (*Id*.).

Planinsek also alleges that the food provided was inadequate and unsanitary. He alleges that he received "scraps" from local restaurants, including burnt pizza. He also received partially cooked Banquet meals. The offered diet averaged 1600 calories a day (*Id*.). The food was sometimes uncooked, and he found foreign materials, including hair and food ties, in his meals (*Id*.). Planinsek wrote grievances and sent letters to the state police. His mother also contacted the state police, but his situation did not improve.

Planinsek also takes issue with the actions of an unnamed officer at the jail (*Id*. at p. 6). He alleges that while at the jail he was in the process of writing an erotic novel. The correctional officer asked to read the novel. After reading the manuscript, the officer began acting strange around Planinsek (*Id*. at p. 7). He asked Planinsek to help him take another detainee's blood pressure; the detainee was asleep and the officer used a flashlight to enter the room (*Id*.). Planinsek alleges that the officer got too close to his genitals and made him uncomfortable (*Id*.). The officer also made suggestive actions and comments (*Id*.). Planinsek later asked Thadeous Sheridon and James Sullivan for the number to make a Prison Rape Elimination Act ("PREA") complaint, and the officers told him to write out the request (*Id*.). Later that same evening, officers entered both

3

Planinsek's and his wife's cell. They intimidated him, and he broke down mentally. He alleges that their actions were in response to his request for a PREA report.

## Preliminary Dismissals

Planinsek complains about a number of issues at the Wabash County jail. He complains that he lacked access to legal materials and proper medical care. He also raises allegations related to the sexual advances of a guard. But he fails to allege that any of the named Defendants were aware of these issues or personally involved in the violations. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) ("a government official is only liable for his or her own misconduct"). He fails to identify the guard who made sexual advances. And he merely states that he asked correctional officers Sheridon and jail administrator Sullivan for a number to report a PREA issue. There are no allegations to suggest that they were aware of the specific incident. Nor are there any facts to suggest that any defendant actively retaliated against Planinsek or participated in the raid on his cell by armed guards. Further, Planinsek alleges that Sheriff Derek Morgan allowed his employees to disregard the safety and health of pre-trial detainees like Planinsek, but the sheriff cannot be liable for the actions of his employees because the doctrine of *respondeat superior*, or supervisory liability, is not actionable under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, Planinsek's claims for these specific issues are **DISMISSED without prejudice**.

## Discussion

Based on the remaining allegations in the Complaint, the Court designates the following count:

>    **Count 1:**    Fourteenth Amendment conditions of confinement claim against Derek Morgan and James Sullivan for subjecting Planinsek to unconstitutional conditions of confinement at Wabash County Jail.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Because Planinsek was a pre-trial detainee at the time his claims arose, his claims arise under the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of pretrial detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018); *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). To state a claim under the Fourteenth Amendment, a pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively unreasonable." *Miranda*, 900 F.3d at 352-54. *See also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) ("objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees").

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Planinsek alleges that the conditions at Wabash County were deplorable, citing to issues with mold, bugs, leaking toilets, temperature, and lack of recreation. He alleges that, as administrators, Morgan and Sullivan were personally responsible for the disrepair in the jail. He also alleges that they personally ordered that the windows be welded over and denied detainees access to certain services in an attempt to coerce detainees, like Planinsek, into pleading guilty. As administrators of the jail, both Morgan and Sullivan can be liable for the systemic conditions at the jail. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996) (jail administrators "can be expected to know of or participate in creating systemic situations"). Thus, Planinsek can proceed on a claim against Morgan and Sullivan for the systemic conditions he experienced at the jail.

But nothing in the Complaint suggests that either Morgan or Sullivan were aware of specific issues Planinsek experienced at the jail related to his lights and toilet water. Planinsek alleges that he informed "staff" of issues with his lighting and hot water in his toilet but fails to identify these individuals. Nothing in the allegations indicate that he specifically spoke to Morgan or Sullivan about these specific conditions or that they were aware of the issues with his lights or hot water in his toilet. Planinsek fails to allege that any other defendant was personally involved in creating or correcting the conditions at the jail. Thus, the only claim that remains in this case is Planinsek's conditions of confinement claim against Morgan and Sullivan for the systemic conditions at the jail.

## **Pending Motions**

As to Planinsek's motion for counsel (Doc. 3), he alleges that he does not currently have counsel, and he is a high school graduate. In determining whether to recruit counsel,

the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). Planinsek fails to indicate whether he has tried to contact counsel on his own. Nor does his motion indicate his need for counsel in this specific case. Thus, the Court **DENIES** his request for counsel (Doc. 3).

Should Planinsek choose to move for recruitment of counsel at a later date, the Court directs him to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Planinsek should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Count 1 shall proceed against Derek Morgan and James Sullivan. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Derek Morgan and James Sullivan: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's

place of employment as identified by Planinsek. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Planinsek, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Planinsek, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Planinsek is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing

and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** April 23, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**