## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN PLANINSEK,

                **Plaintiff,**

v.                                                    **Case No. 3:24-CV-00089-NJR**

DEREK MORGAN and
JAMES SULLIVAN,

                **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion for Leave to Amend Complaint filed *pro se* by Plaintiff John Planinsek.[1] (Doc. 32). Defendants Derek Morgan and James Sullivan did not respond to the motion but filed a Motion for Extension of Time to Complete Discovery asking for the discovery and dispositive motion deadlines to be extended by 90 days from the date the Court rules on Planinsek's motion to amend. (Doc. 33).

On April 23, 2024, the Court screened Planinsek's original complaint and ordered service of process against two defendants—Derek Morgan and James Sullivan—on a Fourteenth Amendment conditions of confinement claim related to his detention at

---

[1] After Defendants answered the complaint, the Court entered a scheduling order. (Doc. 17). The Court provided Planinsek until September 23, 2024, to file a motion for leave to amend the complaint to include any additional claims or parties. (*Id.*). The scheduling order warned that failure to file a motion for leave to amend by this date would likely bar further amendment of the complaint, except for good cause shown. (*Id.*). On Planinsek's motion, that deadline was briefly extended to October 24, 2024. (Docs. 27, 28). The Court did not receive Planinsek's Motion for Leave to Amend the Complaint until December 2, 2024, but the postmark on the envelope indicates it was mailed on October 23, 2024. (Doc. 32-1). So, the Court will accept the motion as timely.

Wabash County Jail ("Wabash"). (Doc. 13). In its screening order, the Court dismissed all claims against Conner Anderson, Sicily Reese, and Thadeous Sheridon for failure to state a claim and failure to connect those defendants to any personal involvement in or awareness of the alleged violations. (*Id.*).

Now, Planinsek seeks to amend his complaint, largely realleging the same facts and painting the same picture, with some minor differences, in an effort to cure his previous complaint's deficiencies. Planinsek attempts to reassert claims against previously dismissed correctional officers, Cicily Reese and Conor Anderson,[2] as well as to add a new defendant, TJ Smeardon, a bailiff and correctional officer at Wabash. (Doc. 32-2). As his generalized claims were previously dismissed, Planinsek raises more specific allegations against Reese and Anderson in his proposed amended complaint.

In his proposed amendment, Planinsek includes specific allegations against Reese and Smeardon including that the two intentionally restricted water and "would decide that 3 16 oz [sic] bottles of water was [sic] sufficient for 3 adult males." (Doc. 32-2, p. 35). Planinsek also alleges that Reese and Smeardon controlled shower temperatures and made the shower scalding hot or very cold as an intentional tactic to cause undue physical and emotional distress. (*Id.*). He also alleges that Reese and Smeardon knew that Planinsek slept on the floor in the dayroom, knew about lighting issues, and knew that the conditions were wrong and unhealthy. (*Id.* at p. 36). In addition, Planinsek claims that Reese and Anderson personally prepared the inadequate and undercooked meals fed to

---

[2] Planinsek spelled these names differently in his first complaint. (*See* Doc. 1).

detainees. (*Id.* at p. 37). He asserts that the two guards knew about the issues with contamination of those meals with foreign materials, like hair and food ties. (*Id.*). Lastly, Planinsek identifies Anderson as the officer who put him in an uncomfortable situation after showing interest in an erotic fiction Planinsek was writing to his wife. (*Id.* at p. 38). He alleges that he allowed Anderson to read the draft, which caused Anderson to act strangely around Planinsek. (*Id.*). Anderson entered a dark room with a flashlight, asked Planinsek to help take another detainee's blood pressure while the detainee slept, and made "sexual advances" towards Planinsek. (*Id.*). He also claims this happened with Anderson two more times with each incident getting more uncomfortable. (*Id.*).

Based on the revised allegations in Planinsek's proposed amended complaint, the Court will allow Planinsek leave to amend his complaint to add Reese, Anderson, and Smeardon to his Fourteenth Amendment conditions of confinement claim and designates the following count:

> **Count 1:** **Fourteenth Amendment conditions of confinement claim against Derek Morgan, James Sullivan, Cicily Reese, Conor Anderson, and TJ Smeardon for subjecting Planinsek to unconstitutional conditions of confinement at Wabash County Jail.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by the Court. **Any other claim that is mentioned in the amended complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard.[3]**

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

In its previous screening Order, the Court explained that Planinsek's claims arise under the Fourteenth Amendment Due Process Clause and described the showing necessary to substantiate such a claim, including that Defendants must be aware of the alleged issues or personally involved in the violations. (*See* Doc. 13, p. 5); *see Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) ("a government official is only liable for his or her own misconduct"). Planinsek alleges that the conditions at Wabash were deplorable, citing to issues with the food, lighting, and water. He cured the issues with his allegations against Reese and Anderson, and now successfully alleges that, as corrections officers, Reese, Anderson, and Smeardon were personally responsible for and directly knew about some of the conditions of confinement to which Planinsek was subjected at Wabash. These conditions include restricting water, purposefully forcing detainees to suffer in uncomfortable shower temperatures, and issues with preparation and edibility of the food served.

But the Court finds that Planinsek's proposed amended complaint lacks sufficient detail as to his claim against Anderson for an uncomfortable situation where Anderson purportedly made multiple sexual advances. While Planinsek now names Anderson as the official involved in this incident (or multiple incidents), he still fails to state a claim for relief because his allegations remain too vague to state a constitutional violation. Planinsek references "sexual advances" but neglects to explain what that entails. Of course, Planinsek need not go into explicit detail, but he must allege enough facts to state a claim that is plausible on its face. For example, allegations of sexual language or comments may not sufficiently state a constitutional claim. *See Brown v. Brenner*, No. 11-

cv-109, 2011 WL 3955584, at *4 (S.D. Ill. Sept. 7, 2011). It is unclear what happened between Anderson and Planinsek through his proposed amended complaint. As such, the Court dismisses any claims related to this alleged situation involving Anderson— reading Planinsek's draft of an erotic novel, forcing Planinsek to take the blood pressure of another inmate in the dark, and making purported sexual advances.

For these reasons, the Motion for Leave to Amend Complaint filed *pro se* by Plaintiff John Planinsek (Doc. 32) is **GRANTED in part and DENIED in part.** Count 1 shall now proceed against Derek Morgan, James Sullivan, Cicily Reese, Conor Anderson, and TJ Smeardon. All other claims raised in the proposed amended complaint are dismissed without prejudice. The Clerk's Office is **DIRECTED** to file the proposed amended complaint (Doc. 32-2) as an Amended Complaint on the docket.

The Clerk of Court shall prepare for Defendants Cicily Reese, Conor Anderson, and TJ Smeardon: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). Moreover, the Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Planinsek in the proposed amended complaint. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Planinsek, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Order.** SDIL-LR 8.2(b).

If judgment is rendered against Planinsek, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of his status in proceeding *in forma pauperis. See* 28 U.S.C. § 1915(f)(2)(A).

As with his prior complaint, the Court will take the necessary steps to notify the newly added defendants of this lawsuit and serve them with a copy of the Amended Complaint. After service has been achieved, the newly added defendants will enter their appearance and file an Answer to the Amended Complaint.

Defendants Morgan and Sullivan also moved to extend the time to complete discovery until the Court decided the Motion for Leave to Amend. (Doc. 33). The Court **GRANTS** this request. Given that new defendants are being added to this action, the Court stays the discovery and dispositive motion deadlines. After the new defendants file Answers, the Court will enter a new Scheduling Order.

Lastly, based on a search of the Illinois Department of Corrections database,[4] Planinsek's current institution is listed as the Northern Reception Center at Stateville Correctional Center. The docket reflects Planinsek's current residence as Shawnee Correctional Center. As the Court has previously advised, Planinsek is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address. (*See* Docs. 5, 13). This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this directive will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b). Planinsek **SHALL** update his change in address on or before **August 19, 2025**, or he risks dismissal of this action for want of prosecution.

IT IS SO ORDERED.

DATED:  August 5, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[4] *See* https://idoc.illinois.gov/offender/inmatesearch.html.