IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN PLANINSEK,

      **Plaintiff,**

v.

      Case No. 3:24-CV-89-NJR

DEREK MORGAN, JAMES SULLIVAN,
CONOR ANDERSON, THADEOUS
SHERIDAN, CICILY REESE, and
TJ SMEARDON,

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Motion to Dismiss for Lack of Prosecution filed by Defendants Derek Morgan and James Sullivan. (Doc. 39). Defendants* ask the Court to dismiss this case because Plaintiff John Planinsek (1) has failed to litigate his case or correspond with Defendants for over six months, and (2) has not kept the Clerk of

---

* In its Order of August 5, 2025, this Court granted Plaintiff John Planinsek's Motion for Leave to Amend Complaint. (Doc. 37). It ordered that Planinsek's claim against additional Defendants Cicily Reese, Conor Anderson, and TJ Smeardon could proceed. *Id.* at 5. The Clerk of Court was directed to mail Reese, Anderson, and Smeardon the following documents: Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons); Form 6 (Waiver of Service of Summons); a copy of the Amended Complaint (Doc. 32-2 (entered on the docket at Doc. 38)); and the August 5 Order. (Doc. 37, at 5). In their instant motion, Defendants Morgan and Sullivan represented that Reese, Anderson, and Smeardon had not yet been served. (Doc. 39, at 1 n.1). However, the docket reflects that all Defendants—Morgan, Sullivan, Reese, Anderson, and Smeardon—filed a Notice on March 16, 2026. (*See* Doc. 40). Moreover, Defendants Reese and Anderson (but not Smeardon) were named as defendants in Planinsek's original complaint; the claims against them, however, were subsequently dismissed without prejudice. (Docs. 1, 13). In other words, it is not clear whether Reese and Anderson were once again made parties to this suit (and whether Smeardon was made a party for the first time) by this Court's August 5 Order, or whether they remain non-parties. Because the Court today dismisses this entire action with prejudice for lack of prosecution, the question is largely academic and would only be material for purposes of *res judicata*. Therefore, in the interests of simplicity, the Court assumes without deciding that Reese, Anderson, and Smeardon were served and are presently Defendants in this action for purposes of this Order and the resulting Judgment (Doc. 42).

Court or Defendants informed of changes to his address. *Id.* ¶¶ 3–9. Planinsek did not respond to the motion.

On August 5, 2025, this Court granted in part Planinsek's Motion for Leave to Amend his complaint. (Doc. 37). At that time, this Court noted that Planinsek's address on file with the Court did not reflect his address as listed in the Illinois Department of Corrections database. *Id.* at 7 (citing *Individual in Custody Search*, ILL. DEP'T CORR., https://idoc.illinois.gov/offender/inmatesearch.html). The Court reminded Planinsek that, pursuant to Local Rule 3.1(b)(2) and the Court's multiple previous admonitions, he "is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address. . . . in writing and not later than **14 days** after a transfer or other change in address occurs." *Id.* The Court then warned Planinsek that "[f]ailure to comply with this directive . . . may result in dismissal of this case for want of prosecution" and ordered him to update his address on or before August 19, 2025. *Id.* (citing FED. R. CIV. P. 41(b)).

Despite that order, Planinsek never updated his address. A search of the Illinois Department of Corrections database now reveals that Planinsek cannot be found. *See Individual in Custody Search*, ILL. DEP'T CORR., https://idoc.illinois.gov/offender/inmatesearch.html (last visited Mar. 30, 2026). Defendants aver that Planinsek has not contacted their attorney since July 2024 (Doc. 39, ¶ 7), and his last filing with the Court was on April 11, 2025 (Doc. 34).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order.

FED. R. CIV. P. 41(b). A dismissal under this rule functions as an adjudication on the merits. *Id.* Here, Planinsek is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court orders or communicating with the Court. Planinsek was informed more than once of his continuing obligation to notify the Clerk of Court within 14 days of any change in his address and that his failure to do so may result in dismissal of his case (Docs. 5, 13, 37). Local Rule 3.1(b) also outlines this continuing obligation, as Planinsek is proceeding *in forma pauperis*. SDIL-RL 3.1(b)(2).

Under the circumstances presented here, the Court finds that Planinsek has failed to comply with its orders, failed to comply with the Local Rules, and failed to prosecute this matter. Consequently, Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 39) is **GRANTED**, and this action is **DISMISSED with prejudice** pursuant to Rule 41(b). FED. R. CIV. P. 41(b); *see also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

NOTICE

If Planinsek wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Planinsek chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Planinsek files a motion

showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Planinsek wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." (cleaned up)).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX*

*Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Planinsek showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Planinsek chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Planinsek cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP") along with a recent statement from his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Planinsek plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:    March 30, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**